DECISION
Before this Court is the appeal of Additional Personnel, Inc. ("Additional Personnel") of a decision by the Rhode Island Department of Labor and Training, Division of Labor Standards ("Department"), which awarded Jose Carvajal administrative fees and reimbursement for excessive transportation fee deductions. The Department's written decision was filed on October 25, 2007. Additional Personnel filed a timely appeal to this Court on November 14, 2007. Jurisdiction is pursuant to G.L. 1956 § 42-35-15.
 I Facts and Travel
Appellant, Additional Personnel, Inc., an employment agency that places workers in temporary and permanent jobs, employed Jose Carvajal from May 2006 to June 2007. Mr. Carvajal filed a claim for unpaid wages against Additional Personnel with the Rhode Island Department of Labor and Training's Division of Labor Standards on June 7, 2007. In response to the claim, the Department conducted an audit of Additional Personnel's payroll records and discovered that Mr. Carvajal had been charged $5.00 per day for transportation costs, in excess of the $3.00 per day statutory maximum. See G.L. 1956 § 28-6.11-3(b). After a hearing before *Page 2 
the Department on October 10, 2007, the hearing officer determined that while Mr. Carvajal's claims for unpaid wages should fail, he should be reimbursed the excess amount he was charged in transportation costs. After deducting payments already made by Additional Personnel, the hearing officer awarded Mr. Carvajal $169.50 for reimbursement of transportation fees, and $29.24 in administrative fees pursuant to § 28-14-19(b).
The instant appeal followed. Additional Personnel argues that the Department acted in excess of its constitutional and statutory authority, asserting (1) that § 28-14-10(b)(9) precludes recovery for excessive wage deductions for transportation costs; and (2) that requiring reimbursement violates Article I, Section 10 of the United States Constitution.
 II Standard of Review Pursuant to the Rhode Island Administrative Procedures Act, G.L. § 42-35-1 et seq., when reviewing the decisions of an administrative agency such as the Department of Labor and Training, this Court sits as an appellate court with limited scope of review. Mine SafetyAppliances Co. v. Berry, 620 A.2d 1255, 1259 (R.I. 1993). The standard of review is codified, as follows: The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law; *Page 3 
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. Section 42-35-15(g).
Agency decisions on questions of law are not binding on this Court.Narragansett Wire Co. v. Norberg, 118 R.I. 596, 607, 376 A.2d 1, 6
(1977). Questions of law may be reviewed to determine what the law is and its applicability to the facts. Id.
 III Analysis A
Rhode Island General Laws § 28-14-19 endows the Department of Labor and Training with the authority to insure that wages are paid to employees and to "institute or cause to be instituted actions for the collection of wages. . . ." Pursuant to this authority, the Department determined that Additional Personnel owed Mr. Carvajal unpaid wages because it deducted from his pay transportation costs in excess of the $3.00 per day statutory maximum.
Additional Personnel, however, argues that § 28-14-10 renders wages deducted for transportation costs in excess of $3.00 per day unrecoverable. Section 28-14-10, entitled "Wage deductions unaffected," provides, in relevant part:
 (b) None of the sections of this chapter shall be applicable to, control, or prohibit the deduction of wages of an employer in accordance with a written request made by the individual employee of:
 . . .
 (9) Payments for participation in a vanpool transportation system where employee participation in the program is not a condition of employment.
Accordingly, Additional Personnel argues, § 28-14-19, which the Department relied upon to award Mr. Carvajal reimbursement, being a "section of this chapter [14]," cannot apply to or *Page 4 
control the deduction of wages for employer-provided transportation costs.[1] Thus, the only remedy for an employer's overcharging an employee for transportation costs, Additional Personnel avers, is the penalty provided by § 28-6.11-4. That section provides that an employer who violates the chapter on employer transportation service charges — § 28-6.11-1 et seq. — is subject to a fine, but only if the employer violates the statute a second time after receiving notice by the Department of the original violation.
In sum, Additional Personnel contends that because § 28-14-10
precludes the Department's enforcement powers provided in § 28-14-19, the only available remedy for excessive wage deductions for transportation costs is a financial penalty if, after notice, Additional Personnel continued to overcharge employees for such costs.
This Court, however, finds that the amount representing Additional Personnel's overcharge of Mr. Carvajal for transportation costs is recoverable and that the Department correctly invoked its powers, pursuant to § 28-14-19, to determine whether an employee is due wages. While it is true that § 28-14-10 provides that no other section of chapter 14, title 28, shall be "applicable, control, or prohibit the deduction of wages of an employee . . . for participation in a vanpool transportation system," the General Assembly subsequently (in 2004) added § 28-6.11-3(b), which placed a statutory cap on the amount an employer may charge for such a service. Therefore, although no section of chapter 14, title 28, can apply to or control the deduction of wages for employer-provided transportation, these deductions may only reach a maximum of $3.00 per day: any amount beyond $3.00 is an impermissible wage deduction and unprotected by § 28-14-10. *Page 5 
Here, Additional Personnel deducted $5.00 per day from Mr. Carvajal for transportation costs. The amount over the $3.00 per day maximum was an impermissible wage deduction and, pursuant to § 28-14-19, the Department was within its statutory authority to order the amount refunded.
 B
Additional Personnel also argues that to require reimbursement for transportation costs where the charges were "voluntary and optional" would violate the Contracts Clause of Article I, Section 10 of the United States Constitution. The Contracts Clause provides that "No State shall . . . pass any . . . law impairing the obligation of contracts. . . ."
A threshold requirement before a Contracts Clause analysis becomes necessary is that a statute retroactively impairs the obligations of an existing contract. See, e.g., 16B Am. Jur. 2d § 727 ("The Contracts Clause of the Federal Constitution operates only to invalidate state legislation relieving the commitments of one party to a contract or otherwise retroactively altering the rights and obligations under existing contracts."). Assuming, arguendo, that the parties had an agreement meeting the elements of a valid contract, the record is clear that Mr. Carvajal was employed by Additional Personnel from May 2006 to June 2007. Section 28-6.11-3(b) — the statutory provision which this Court finds to set a cap on wage deductions for transportation costs, allowing the Department to use its enforcement powers pursuant to § 28-14-19 to order reimbursement for any amount above that cap, despite the restrictions of § 28-14-10 — was made effective in 2004. Therefore, any contract between the parties on the issue of transportation costs was made subsequent to the enactment of § 28-6.11-3(b). The Court need proceed no further on Additional Personnel's constitutional argument. *Page 6 
 Conclusion
After a review of the entire record, this Court finds that the Department of Labor and Training acted within its constitutional and statutory authority when awarding Mr. Carvajal administrative fees and reimbursement for transportation expenses in excess of the statutory maximum. Accordingly, substantial rights of the Additional Personnel, Inc. have not been prejudiced. The Department's decision is therefore affirmed.
Counsel for Appellee shall submit an order for entry in conformance with this decision.
[1] There is no dispute that the transportation provided by Additional Personnel was in compliance with the other statutory requirements for such a service. These requirements mandate payments for transportation be voluntary, not a condition of employment, and authorized in writing in the employee's primary language. See §§ 28-6.11-3;28-14-10(b)(9).